# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| THOMAS EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:25-cv-02336-TLP-tmp |
| v. ) | |
| ) | JURY DEMAND |
| FIRST PREMIER BANK, ) | |
| ) | |
| Defendant. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pro se Plaintiff Thomas Edwards sued Defendant First Premier Bank on March 24, 2025, alleging Fair Credit Reporting Act ("FCRA") violations.[1]  (ECF No. 2.)  *See* 15 U.S.C. §§ 1681 *et seq*.  Under Administrative Order No. 2013-05, this Court referred the case to Chief Magistrate Judge Tu M. Pham to manage all pretrial matters.  Plaintiff then moved to proceed in forma pauperis.  (ECF No. 3.)  And Judge Pham granted the Motion.  (ECF No. 7.)  Judge Pham then screened the Complaint under 28 U.S.C. § 1915(e)(2).  (ECF No. 8.)  Judge Pham issued his Report and Recommendation ("R&R") in June 2025, recommending that the Court dismiss the Complaint in part and grant Plaintiff leave to amend.  (*Id.*)  For the reasons below, the Court agrees with Judge Pham's analysis and conclusion and therefore **ADOPTS** the R&R.

---

[1] That same day, Plaintiff sued four other defendants under the FRCA.  *See Edwards v. National Credit Adjusters, LLC (NCA)*, No. 2:25-cv-02326-TLP-tmp (W.D. Tenn.); *Edwards v. Opensky Capital Bank NA*, No. 2:25-cv-02328-TLP-tmp (W.D. Tenn.); *Edwards v. FinWise Bank*, No. 2:25-cv-02332-TLP-tmp (W.D. Tenn.); *Edwards v. TransUnion, LLC*, 2:25-cv-02334-TLP-tmp (W.D. Tenn.).

## **LEGAL STANDARD**

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If the parties do not object, the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b), advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Judge Pham entered his R&R on June 18, 2025. (ECF No. 8.) Plaintiff did not object, and the time to do so has now passed. The Court therefore reviews the R&R for clear error.

## **DISPOSITION**

Having reviewed the record, the Court finds no clear error in Judge Pham's R&R. In fact, the Court agrees with his well-reasoned analysis.

Plaintiff brought two claims under FCRA. The first claim is that Defendant violated 15 U.S.C. § 1681s-2(a) by reporting incomplete and misleading information about Plaintiff's debt. (ECF No. 2 at PageID 3.) Judge Pham correctly recommended that the Court dismiss this claim. That is because consumers may not bring a claim under that statute. In fact, "§ 1681s–2(c) expressly precludes consumers from enforcing the requirement that furnishers, under § 1681s–2(a), initially provide complete and accurate consumer information to a CRA." *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615 (6th Cir. 2012); *see Carter v. Holzman L., PLLC*, No. 24-11990, 2025 WL 1065379, at *4 (E.D. Mich. Feb. 13, 2025), *report and recommendation adopted*, 2025 WL 868615 (E.D. Mich. Mar. 20, 2025) ("The law is clear that there is no private

cause of action for consumers against furnishers of information for failure to comply with § 1681-s2(a)." (citing *Boggio*, 696 F.3d at 615)).

Plaintiff's second claim is that Defendant violated 15 U.S.C. § 1681s-2(b). (ECF No. 2 at PageID 3.) That is because after Plaintiff disputed the alleged and misleading report with credit bureaus, Defendant "failed to conduct a reasonable investigation and continued reporting [the] inaccurate data." (*Id.*) Unlike § 1681s-2(a), § 1681s-2(b) creates a private cause of action. *See Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 547 (6th Cir. 2012) (citing *Boggio*, 696 F.3d at 615–16). And as Judge Pham correctly noted, to state a claim under § 1681s-2(b), a complaint must plausibly allege that the plaintiff disputed an inaccuracy with a consumer reporting agency, that the agency notified the defendant-furnisher of that dispute, and that the defendant-furnisher then violated a statutory duty under § 1681s-2(b)(1)(A)–(E). *See, e.g.*, *Rajapakse v. Credit Acceptance Corp.*, No. 19-1192, 2021 WL 3059755, at *2 (6th Cir. Mar. 5, 2021).

Judge Pham found that Plaintiff fails to allege a critical element here. That is, he does not allege that any consumer agency notified Defendant about his claim of an inaccuracy. (ECF No. 8 at PageID 20 ("'Absent this essential element,' the undersigned finds that Edwards's complaint fails to state a claim under § 1681s-2(b)." (quoting *Green v. Navy Fed. Credit Union*, No. 3:24-cv-632, 2024 WL 4564421, at *2 (N.D. Ohio Oct. 24, 2024)). But because he "otherwise alleges several elements of a § 1681s-2(b) claim," Judge Pham recommended that the Court give Plaintiff a second chance. (*Id.*) The Court agrees, and Plaintiff may amend his § 1681s-2(b) claim. Having found no clear error, the Court therefore **ADOPTS** the R&R's recommendations.

## **CONCLUSION**

The Court has reviewed Judge Pham's R&R and finds no clear error. And so the Court **ADOPTS** the R&R's recommendation and **DISMISSES** Plaintiff's § 1681s-2(a) claim. The Court further **DIRECTS** Plaintiff to amend his § 1681s-2(b) claim within thirty days from entry of this Order. If Plaintiff fails to amend his complaint timely, the Court may dismiss the claim under Rule 41 for failure to prosecute.

**SO ORDERED**, this 15th day of December, 2025.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE